In re the Marriage of Chris A. HEIM,
Petitioner, Appellant,

v.

William Dean HEIM, Respondent.

No. C3–86–815.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Dec. 12, 1986.

Stephen C. Aldrich, Minneapolis, for appellant.

Lachlan B. Muir, Minneapolis, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

In this dissolution proceeding, Chris Heim appeals from the trial court's award of child custody to respondent William Heim. We affirm.

## FACTS

William and Chris Heim were married in 1974. Chris commenced this proceeding in November 1981. Both parties sought custody of their children, Thomas, age 10, and Elizabeth, age 9.

Chris moved out of the parties' home with the children in either late October or early November 1981. In mid-November of that year, William refused to allow her to take the children back after a weekend visit. After a hearing in December 1981, the trial court awarded William temporary custody. Since March 1982, William and the children have been living in Sioux Falls, South Dakota.

The trial was not held until November 1985. The record indicates that the four year delay in bringing the case to trial was due to discovery disputes and various pretrial motions brought by Chris.

The trial court made findings reflecting the "best interests" factors of Minn.Stat.

§ 518.17, subd. 1 (1984). Among those findings were that "the children have adjusted well to the home, school and community in South Dakota," and that it "would be desirable to maintain continuity of that stable, satisfactory environment." The court also found that William became the children's primary caretaker shortly before he and Chris separated. *See Pikula v. Pikula*, 374 N.W.2d 705 (Minn.1985). It concluded that it would be in the children's best interests to remain with William, and awarded him legal and physical custody. Chris appeals, arguing that she was the primary caretaker under *Pikula*, that the award was a continuation of an erroneous temporary custody decision and that the court improperly rejected the testimony of her expert witness.

### ISSUE

Did the trial court err by finding that the father was the primary caretaker when the parties separated?

### ANALYSIS

Appellate review of a custody decision is limited to determining whether the trial court abused its discretion by making unsupported findings or improperly applying the law. *Pikula*, 374 N.W.2d at 710. The trial court's findings must be sustained unless they are clearly erroneous. Minn.R. Civ.P. 52.01; *Pikula*, 374 N.W.2d at 710.

1. *Primary caretaker.*

*Pikula* holds that

when both parents seek custody of a child too young to express a preference for a particular parent and one parent has been the primary caretaker, custody be awarded to the primary parent absent a showing that that parent is unfit to be the custodian.

374 N.W.2d at 713.

Here, both parties are fit custodians and they agree that the children are too young to express a custodial preference. They disagree about the application of *Pikula* 's primary caretaker preference to these facts.

Under *Pikula*, a trial court must determine who the primary caretaker was "at the time the dissolution proceeding was commenced." 374 N.W.2d at 714. The supreme court defined this phrase as follows:

The phrase "at the time the dissolution proceeding was commenced" is used to indicate the point in time at which the family relationships were physically disrupted by events leading to the dissolution of the marriage, *e.g.*, at the time of the parties' separation or the interruption of the functioning full family unit.

*Id.* at n. 3.

The trial court found that Chris had provided the primary care for the two children from their birth during the time that [William] was engaged in establishing a business until that business failed shortly before separation. At that time, [Chris] secured three part time jobs and [William] provided the primary care for the children.

The evidence supports this finding, and Chris does not argue otherwise. She argues instead that this finding establishes that she was the primary caretaker under *Pikula* and therefore she should receive custody. The basis for her argument is not clear.

▉ The trial court's decision is consistent with *Pikula*. William is entitled to custody under *Pikula* because he was found to have been the primary caretaker "at the time of the parties' separation." 374 N.W.2d at 714 n. 3.

2. *Prior custody decision.*

▉ The trial court's award of temporary custody to William in 1981 was based primarily on its disapproval of what it described as Chris's "open relationship" with her boyfriend. Chris argues that the temporary custody award was an abuse of discretion, and that the trial court's decision was improper because it continued that erroneous initial placement.

The trial court's final decision to maintain William's custody was not error, even assuming the reason given for the temporary award was improper. *Pikula* requires that custody go to the parent who was the primary caretaker at separation and that parent is William.

### 3. *Expert testimony.*

Chris retained Dr. Pi-Niam Chang, a child psychologist, to do psychological evaluations of herself and her children. Dr. Chang testified at length about those evaluations and about the results of Minnesota Multiphasic Inventory tests other psychologists had administered to William. Dr. Chang testified that in his opinion Chris should receive custody because she would provide a more emotionally nurturing environment.

■ The court considered and rejected Dr. Chang's testimony. It was not error to do so. "[A] trial court is not * * * bound to adhere to * * * expert testimony if it believes it is outweighed by other evidence." *Pikula*, 374 N.W.2d at 710. *Pikula*, moreover, requires that William receive custody unless he is unfit, and nothing suggests that to be the case.

### DECISION

The trial court did not abuse its discretion in awarding respondent custody of the parties' children.

Affirmed.